**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRIENDS OF YOSEMITE VALLEY**, a non-profit corporation; and **MARIPOSANS FOR ENVIRONMENTALLY RESPONSIBLE GROWTH**, a non-profit corporation,<br><br>        **Plaintiffs**,<br><br>        v.<br><br>**GALE NORTON**, in her official capacity as Secretary of the Interior; **DEPARTMENT OF THE INTERIOR**; **NATIONAL PARK SERVICE**; **JOHN REYNOLDS**, in his official capacity as Western Regional Director of the National Park Service; **DAVID A. MILHALIC**, in his official capacity as Superintendent of Yosemite National Park; and **ROBERT STANTON**, in his official capacity as Director of the National Park Service,<br><br>        **Defendants**. | **CV F 00-6191 AWI DLB**<br><br>**ORDER DENYING AS MOOT MOTION TO VACATE INJUNCTION** |

    This action concerns the creation of a Comprehensive Management Plan for the Merced Wild and Scenic River. Before the court is Defendants' motion to vacate the injunction entered by this court on July 6, 2004. The parties presented lengthy briefing on the

motion, and argument on the motion was heard on October 24, 2005.

The extensive procedural history of this case is set forth at length in this court's prior opinions and orders. Most immediately relevant here is the court's order of July 6, 2004, in which the court ordered in part as follows:

> 14) Plaintiffs' motion for injunctive relief is GRANTED as to the East Yosemite Valley Utilities Improvement Plan and implementation of this Plan is HEREBY ENJOINED pending completion of a new or revised CMP for the Merced River with the exception that NPS may proceed with any repairs necessary for compliance with the Clean Up and Abatement Order No. 5-00-703 issued by the Regional Water Quality Control Board;
>
> 16) Plaintiffs' motion for injunctive relief is GRANTED as to the Curry Village Cabins and Campgrounds project and implementation of this project is HEREBY ENJOINED pending completion of a new or revised CMP for the Merced River;
>
> 23) Based on Defendants' consent, NPS is ENJOINED from implementing projects and activities relating to Yosemite Lodge development, the Yosemite Village Parking and Transit Area Improvements (Camp 6 parking lot), Curry Village cabins, and the Camp Wawona Redevelopment and Proposed Land Exchange until NPS completes the new or revised CMP.

Defendants state that they have now issued a Revised Merced River Plan ("Revised MRP"), and discuss in detail how the Revised MRP addresses the deficiencies in the original Merced River Plan. NPS issued the Record of Decision on the Revised MRP on July 25, 2005. Defendants contend that by issuing the Revised MRP, they have complied with the relevant orders of both this court and the Court of Appeals for the Ninth Circuit. Plaintiffs oppose Defendants' motion, arguing that Defendants have not fully complied with the courts' orders, such as would justify vacating the injunction. Plaintiffs claim that the motion to vacate the injunction must be analyzed under Rule 60(b), Federal Rules of Civil Procedure.

After reviewing the parties' written and oral arguments, the court declines Plaintiffs' invitation to read into the July 6, 2004 order a limitation that the injunction would expire only when the court determined that Defendants had complied with the orders of this court and the Ninth Circuit in regard to correcting the deficiencies in the first Merced River Plan. Rather, the court finds that under the express conditions of the injunction, it expires on its own terms upon the completion of a "new or revised CMP." The court finds that this condition has occurred, because, as is undisputed, NPS issued the Record of Decision on the Revised

MRP on July 25, 2005. The court therefore concludes that the injunction has expired and Defendants' motion to vacate it is moot.

It is clear from Plaintiffs' opposition to Defendants' motion that Plaintiffs are attempting to litigate the merits of the Revised MRP. However, as was stated at the hearing, the court finds the present motion to vacate the injunction a procedurally inappropriate venue for Plaintiffs to raise such a substantive challenge. Further, there is insufficient information before the court from which the court could rule on such a challenge. This is true in part because Defendants did not have notice that they needed to craft their moving papers so as to provide a defense of the entire substance of the Revised MRP, and in part because Defendants have not yet filed the administrative record in regard to the Revised MRP.[1] Accordingly, while the court recognizes Plaintiffs' desire to challenge the Revised MRP on the merits, it finds it cannot properly address Plaintiffs' arguments at this time.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Defendants' motion to vacate the injunction entered by this court on July 6, 2004, has expired under its own terms and is therefore DENIED AS MOOT;

2) Defendants' motion is denied without prejudice to Plaintiffs bringing a substantive challenge to the Revised MRP.

IT IS SO ORDERED.

Dated:   **October 26, 2005**             **/s/ Anthony W. Ishii**
0m8i78                                                    UNITED STATES DISTRICT JUDGE

---

[1] No finding is made that Defendants have any duty to do so before a challenge to the merits of the Revised MRP is filed.