JULIA A. OLSON (CSB # 192642)
Wild Earth Advocates
2985 Adams St.
Eugene, OR 97405
Telephone: (541) 344-7066
Facsimile: (541) 344-7061
Email: jaoearth@aol.com

SHARON E. DUGGAN (CSB # 105108)
Law Offices of Sharon E. Duggan
370 Grand Avenue, Suite 5
Oakland, CA 94602
Telephone: (510) 647-1904
Facsimile: (510) 647-1905
Email: foxsduggan@aol.com
Attorneys for Plaintiffs

CHARLES R. SHOCKEY, Attorney
    D.C. Bar # 914879
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 "I" Street, Suite 9-700
Sacramento, CA 95814-2322
Telephone: (916) 930-2203
Facsimile: (916) 930-2210
Email: charles.shockey@usdoj.gov
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FRIENDS OF YOSEMITE VALLEY, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, in his official ) <br> capacity as Secretary of the Interior, et al., ) <br> Defendants. ) | Case No. CV-F-00-6191 AWI DLB <br><br> JOINT STIPULATION AND MOTION FOR CONFIDENTIALITY ORDER |

Plaintiffs, Friends of Yosemite Valley, *et al.*, and Defendants, Dirk Kempthorne, Secretary of the Interior, *et al.*, through their undersigned attorneys, jointly stipulate and move for a confidentiality order governing settlement negotiations and the exchange of documents and information exchanged in their effort to settle the above-captioned litigation.

As grounds for the joint motion, the parties state as follows:

1. On July 7, 2008, this Court entered the mandate of the United States Court of Appeals for the Ninth Circuit, Doc. 429, formally remanding this case to the District Court for further proceedings, consistent with the Ninth Circuit's opinion in Friends of Yosemite Valley v. Kempthorne, 520 F.3d 1024 (9th Cir. 2008).

2. In response to the parties' joint request, the Honorable Anthony W. Ishii of this Court referred this case for settlement discussions to be conducted by the Honorable Sandra M. Snyder.

3. On July 22, 2008, Magistrate Judge Snyder held a telephonic conference call with the parties and their counsel (Doc. 430), during which the Court directed each side to submit a confidential settlement conference statement to her chambers. The Court then set this case for mediation on September 8-10, 2008.

4. The parties and their counsel believe that settlement discussions through the court-ordered mediation process will be furthered through candid and confidential communications, including but not limited to exchanges of documents and information and discussions of certain issues with staff, technical experts, and consultants. To enable settlement discussions to take place without fear that communications, documents, or information exchanged during or pursuant to such discussions might become the subject of disclosure or put to any other evidentiary use in this case or in any other administrative or judicial proceeding, or in the media, the parties mutually stipulate and agree that all communications, discussions, settlement position statements, and draft settlement proposals shall be confidential. If a party wants any other document or information to be confidential, it may designate the document or information as confidential and the parties agree and stipulate it shall be confidential and labeled as "Privileged Information/Material." Public documents may not be designated as confidential.

5. Accordingly, in furtherance of their settlement discussions and to assist them in maintaining the confidentiality of settlement communications, however made (written, oral, or electronic), the plaintiffs and the defendants respectfully and jointly request that this Court enter a confidentiality order as follows:

1  6.  That any settlement communications as described above in paragraph 4, in whatever form (written, oral, or electronic), or documents that any party labels as "Privileged Information/Material" before disclosing to another other party in the settlement negotiations, shall be kept confidential, and withheld from disclosure to any third parties, provided as follows:

    a.  That nothing in this Confidentiality Order restricts a party from disclosing Privileged Information/Material to a third party upon mutual agreement of the parties; and

    b.  That nothing in this Confidentiality Order restricts a party from disclosing Privileged Information/Material to its officers, employees, retained consultants, or expert witnesses, who agree to be bound by the provisions of this Confidentiality Order.

7.  That any party may move this Court at any time to terminate this Confidentiality Order on grounds that the moving party no longer seeks to maintain confidentiality for Privileged Information/Material and all parties agree to terminate the confidentiality of Privileged Information/Material. Respectfully submitted this 9th day of September, 2008.

/s/ Julia A. Olson
JULIA A. OLSON (CSB # 192642)
(541) 344-7066

/s/ Sharon E. Duggan
SHARON E. DUGGAN (CSB # 105108)
(510) 271-0825

Attorneys for Plaintiffs

/s/ Charles R. Shockey
CHARLES R. SHOCKEY (DC # 914879)
United States Department of Justice
Attorney for Defendants
(916) 930-2203

SO ORDERED this __10th__ day of September, 2008.

HON. SANDRA M. SNYDER
U.S. MAGISTRATE JUDGE

JOINT STIPULATION AND MOTION                                 CASE NO. CV-F-00-6191-AWI/DLB
FOR CONFIDENTIALITY ORDER